FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 0 1 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICKY GARCIA,

    Plaintiff,

v.                                                                                  No. CIV-03-1119 WPJ/RLP

DON HOOVER, TIM LEMASTER,
JOHN SHANKS, ROBERT J. PERRY
(sued in their individual and
official capacities).

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff has been wrongly classified and held in administrative

segregation for seventeen years, and he has been denied access to certain legal materials. Plaintiff claims classification procedures have violated his due process protections, the duration of his segregation amounts to cruel and unusual punishment, and denial of access to legal materials violates his rights under the First and Fourteenth Amendment. For relief, the complaint seeks an injunctive order and damages.

No relief is available on Plaintiff's claims of improper classification and denial of access to legal materials. First, Plaintiff has no due process rights to a particular classification. *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). "Classification of the plaintiff into administrative segregation does not involve deprivation of a liberty interest independently protected by the Due Process Clause." *Abbott v. McCotter*, 13 F.3d 1439, 1442 (10th Cir. 1994) (quoting *Hewitt v. Helms*, 459 U.S. 460, 466-67 (1983). And second, Plaintiff's claim for denial of access to the courts as a result of Defendant's failure to provide him with New Mexico legal materials, requires that he "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents. *Id.* at 350. The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.'" *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). These claims will be dismissed.

Plaintiff's claims against Defendants in their official capacities will also be dismissed. "The Supreme Court held in *Will* [*v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)] that 'neither a State nor its officials acting in their official capacities are "persons" under § 1983. *McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000). "In these circumstances, the barrier is not Eleventh Amendment immunity--' [t]he stopper [is] that § 1983 creates no remedy

against a State.'" *Prokop v. Colorado*, No. 01-1415, 2002 WL 188962, at **1 (10th Cir. Feb. 7, 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will*, 491 U.S. at 63-64 (1989)).

IT IS THEREFORE ORDERED that Plaintiff's claims for denial of due process in classification proceedings, and his claims for denial of access to legal materials, are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants in their official capacities are DISMISSED with prejudice, and Defendants in their official capacities are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue summonses for Defendants, with copies of the complaint and notice and waiver forms, on Plaintiff's due process and Eighth Amendment claims arising from his segregation.

UNITED STATES DISTRICT JUDGE