IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICKY GARCIA,

    Plaintiff,

v.    Civ. No. 03-1119 WPJ/RLP

DON HOOVER, et al.,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    Plaintiff brings this action pursuant to 28 U.S.C. § 1983, alleging constitutional violations against correctional officials. On December 1, 2003, the district court entered its Memorandum Opinion and Order, dismissing all claims against these defendants in their official capacities.[2] The court also dismissed Plaintiff's claims based on improper classification. See Memorandum Opinion and Order at 2 [Doc. 7]. Plaintiff's remaining claims of due process and Eighth Amendment violations against the defendants in their individual capacities were not dismissed.

2.    Plaintiff's death sentence was commuted in 1986. He was subsequently transferred to Pelican Bay State Prison in Crescent City, California. He states that he has been placed in administrative segregation for the nine years he has been incarcerated in California. He was told by prison officials that his segregation results from the classification

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

[2] On February 2, 2004 the Office of General Counsel for the New Mexico Corrections Department substituted Gilbert Garcia for Don Hoover as the acting Classification Bureau Chief. [Doc. 17] Because Mr. Hoover is being sued in his *individual capacity*, this substitution is improper.



he was given in New Mexico and he states he has filed grievances with New Mexico officials to no avail. He claims his segregation from the general prison population violates the Eighth Amendment (conditions of confinement) and due process because he believes his commutation carried with it the right to be in the general prison population.

3. On February 2, 2004 Defendants filed a Motion to Dismiss, to which Plaintiff has not responded. Defendants' Memorandum in Support shows that Plaintiff is not in administrative segregation; rather, he is housed in a high level security unit because of past violent behavior in prison and that his classification in California is no different from what it would be in New Mexico. He has filed a grievance about his classification, but classifications are not grievable. Defendants further point out that the recreation afforded Plaintiff meets the accreditation standards set by the American Correctional Association.

4. As stated in the district court's previous order, Plaintiff has no due process rights to a particular classification in prison. *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Plaintiff's claim of an Eight Amendment violation is similarly without merit. The undisputed facts show that Plaintiff has been classified in accordance with prison policy and such policy does not violate the Constitution. Plaintiff has not shown how any of the Defendants in their individual capacities have violated his rights.

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Motion for Appointment of Counsel [Doc. 3] be denied as moot and that Defendants' Motion to Dismiss [Doc. 15] be granted and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge